**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4197**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MATTHEW ISAAC JACKSON,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00195-NCT-1)

─────────

Submitted:  October 24, 2008     Decided:  November 14, 2008

─────────

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Michael Francis Joseph, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Isaac Jackson pled guilty pursuant to a written plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Jackson was sentenced to 180 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the district court fully complied with the requirements of Fed. R. Crim. P. 11. Counsel also questions whether Jackson's sentence is reasonable. Jackson was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responding brief.

Because Jackson did not seek to withdraw his guilty plea in the district court, any alleged Rule 11 error is reviewed by this court for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To establish plain error, Jackson must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). We have reviewed the record and find no error.

Jackson also questions whether his sentence is reasonable. When determining a sentence, the district court

2

must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Jackson, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. Furthermore, Jackson's sentence, which is at the low end of the applicable Guidelines range and is the statutory mandatory minimum, may be presumed reasonable. Thus, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED